IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

GEORGE ARTHUR BUNN                                                          PETITIONER

v.                                        5:07CV00165 JMM-JFF

LARRY NORRIS, Director,
Arkansas Department of
Correction                                                                       RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Petitioner, an inmate in the Arkansas Department of Correction ("ADC"), is serving a thirty-eight year cumulative sentence for several offenses committed in Washington and Sebastian Counties. He has filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging, *inter alia*, the jurisdiction of the Sebastian County Circuit Court to conduct proceedings in December 2002, during which Petitioner executed an agreement extending the time for him to pay restitution to the victim of one of his crimes (theft by receiving).

On May 7, 1997, Petitioner plead *nolo contendere* in Sebastian County Circuit Court to theft by receiving. He received a three-year suspended sentence and was ordered to pay a $250 fine and $400 in restitution to the victim. Petitioner subsequently

filed a § 2254 petition in the United States District Court for the Western District of Arkansas challenging his conviction for theft by receiving. He argued that his no contest plea was not knowingly and voluntarily entered with effective assistance of counsel. The district court found that his argument was without merit and dismissed his petition with prejudice. *Bunn v. State*, No. 97-2274 (W.D. Ark. Nov. 25, 1998).

On September 10, 1997, the State filed a petition to revoke Petitioner's suspended sentence, alleging that he had failed to pay restitution. On September 30, 1997, the State filed an amended petition to revoke, stating that on May 23, 1997, Petitioner committed the offense of aggravated robbery. On December 17, 1997, the circuit court revoked Petitioner's suspended sentence and sentenced him to ten years' imprisonment in the ADC on his conviction for theft by receiving. On April 27, 1998, Petitioner was convicted of robbery and sentenced to eight years' imprisonment in the ADC, the sentence to run consecutively to his sentence for theft by receiving.

Petitioner appealed the revocation of his suspended sentence. On April 28, 1999, the Arkansas Court of Appeals affirmed the revocation. *Bunn v. State*, 1999 Ark. App. LEXIS 322, No. CACR98-412 (Ark. Ct. App. April 28, 1999) (unpublished).

On November 29, 2000, Petitioner was paroled from ADC. On June 10, 2002, his parole was revoked, and he was placed in a detention facility in Washington County. On June 26, 2002, the State filed a petition to revoke and/or show cause in Sebastian County Circuit Court, requesting, *inter alia*, that Petitioner be held in contempt of court for failure to pay restitution as previously ordered. On the same day, the circuit court issued a bench warrant for his arrest. On December 11, 2002, Petitioner appeared in circuit court. The circuit court granted the State's motion to withdraw its petition.

Petitioner and appointed counsel signed a document stating that Petitioner had requested an extension of time to pay restitution and that his next payment was due ninety days after his release from the ADC, in the amount of $50 per month.

On April 29, 2003, Petitioner, while incarcerated in the ADC, filed a § 2254 petition in the United States District Court for the Western District of Arkansas attacking the December 2002 extension agreement for the payment of restitution as void. He argued, *inter alia*, that the Sebastian County Circuit Court lost jurisdiction upon the court's revocation of his suspended sentence on December 17, 1997, and the court's sentencing him to the maximum term of imprisonment permitted by law. The district court dismissed the petition, holding that the attack was not cognizable under § 2254 because Petitioner was not attacking the fact, duration, or severity of his custody, but rather a financial obligation imposed upon him by the State. *Bunn v. Norris*, No. 03-2079 (W.D. Ark. Oct. 1, 2004). Petitioner subsequently filed an application for a certificate of appealability with the Eighth Circuit. On May 24, 2005, the Eighth Circuit denied Petitioner's application and dismissed his appeal. *Bunn v. Norris*, No. 04-3673 (8th Cir. May 24, 2005) (unpublished).

On June 30, 2006, Petitioner filed a state petition for writ of habeas corpus in Hot Spring County Circuit Court, arguing, *inter alia*, that he was arrested unlawfully on December 11, 2002, by agents of the Sebastian County Sheriff's Office. On September 26, 2006, the circuit court dismissed the petition. Petitioner appealed to the Arkansas Supreme Court. On May 24, 2007, the Arkansas Supreme Court dismissed the appeal, finding that because Petitioner was no longer incarcerated in Hot Spring County, the circuit court did not have jurisdiction to grant relief. *Bunn v. State*, 2007 Ark. LEXIS 322,

No. 06-1420 (Ark. Sup. Ct. May 24, 2007) (unpublished).

On June 26, 2007, Petitioner filed the pending § 2254 petition in this Court. He has raised the following grounds for relief:

1. The Sebastian County Circuit Court lacked subject matter jurisdiction to try him three times for "the same thing," once in May 1997, again in September 1997, and again in December 2002;

2. "The warrant was issued illegally [because Petitioner] was transported to Sebastian County without a valid fourth amendment warrant and [he] was held against his will, forced to defend again for the third time [on the] same charge";

3. "[I]t was proper to raise jurisdictional questions in [state] habeas corpus for the court should not have been allowed or permitted to try [him] again for the same offense"; and

4. He is "actually innocent of the charges brought up again for the third time [in the December 2002 proceedings], when [he] was already given [the] maximum sentence for [the] crime."

In Claim 1, Petitioner is challenging the jurisdiction of Sebastian County Circuit Court to conduct proceedings in December 2002, in which he executed an agreement extending the time for him to pay restitution. As previously noted, Petitioner was ordered to pay $400 in restitution to the victim as part of his 1997 suspended sentence on his conviction for theft by receiving. In Claim 2, Petitioner is attacking the December 2002 proceedings in circuit court, the warrant for his arrest to appear in the proceedings, and his detention in Sebastian County relating to the proceedings. In Claim 4, Petitioner asserts that he is "actually innocent of the charges brought up again for the third time" in the December 2002 proceedings.

In Claims 1, 2, and 4, Petitioner has raised grounds for relief that he either raised or could have raised in the § 2254 petition that he filed in federal district court in 2003.

In that petition he attacked the December 2002 extension agreement for the payment of restitution as void, and the district court dismissed the petition on the merits. The Magistrate Judge finds that Claims 1, 2, and 4 are successive. *See Crouch v. Norris*, 251 F.3d 720, 723-24 (8th Cir. 2001); *Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003); *In re Taylor*, 171 F.3d 185, 187 (4th Cir. 1999). Before filing a § 2254 application containing a successive claim, a petitioner, pursuant to 28 U.S.C. § 2244(b)(3)(A), is required to move in the appropriate court of appeals for an order authorizing the district court to consider the application. *See Crouch*, 251 F.3d at 722-24. Section 2244(b)(3)(A) "acts as a jurisdictional bar to the district court's asserting jurisdiction over a successive habeas petition" until the court of appeals has granted the Petitioner permission to file one. *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003); *Williams v. Hopkins*, 130 F.3d 333, 336 (8th Cir. 1997). Petitioner has not obtained authorization from the Eighth Circuit to file a § 2254 application containing his successive claims. Accordingly, the Magistrate Judge recommends that Claims 1, 2, and 4 be dismissed without prejudice as successive.

In Claim 3, Petitioner contends that "it was proper to raise jurisdictional questions in [state] habeas corpus for the court should not have been allowed or permitted to try [him] again for the same offense." The Magistrate Judge construes this claim as a challenge to errors, infirmities, or defects in state habeas corpus proceedings.[1] A §

---

[1] The state habeas corpus proceedings were held in state court in 2006 and 2007, after Petitioner's last § 2254 application (the 2003 application) was denied. Accordingly, Petitioner could not have raised Claim 3 in a prior application, and the claim is not successive. *Crouch*, 251 F.3d at 723-24.

2254 petition is not the appropriate remedy to challenge errors, infirmities, or defects in state post-conviction proceedings. *Williams v. State of Missouri*, 640 F.2d 140, 143 (8th Cir. 1981) ("Errors or defects in the state post-conviction proceeding do not, ipso facto, render a prisoner's detention unlawful or raise constitutional questions cognizable in habeas corpus proceedings."); *Smith v. Lockhart*, 882 F.2d 331, 334-35 (8th Cir. 1989) (same); *Williams-Bey v. Trickey*, 894 F.2d 314, 317 (8th Cir. 1990); ("Section 2254 only authorizes federal courts to review the constitutionality of a state criminal conviction, not infirmities in a state post-conviction relief proceeding."); *Cress v. Palmer*, 2004 U.S. Dist. LEXIS 27864 at * 11 (W.D. Mich. Oct. 7, 2004) (a petitioner cannot assert constitutional error arising from a state court's denial of his post-conviction motions or a state appellate courts' refusal to grant the petitioner relief on appeal). Accordingly, the Magistrate Judge recommends that Claim 3 be dismissed with prejudice.

THEREFORE, the Magistrate Judge recommends that Claims 1, 2, and 4 be dismissed without prejudice as successive and that Claim 3 be dismissed with prejudice.

Dated this 18th day of September, 2007.

        /s/ John F. Forster, Jr.
UNITED STATES MAGISTRATE JUDGE